**TELLURIDE POWER CO. v. PUBLIC UTILITIES COMMISSION OF UTAH et al.**

No. 12853.

District Court, D. Utah, C. D.

Aug. 30, 1934.

H. R. Waldo, Waldemar Van Cott, P. T. Farnsworth, Jr., and W. Q. Van Cott, all of Salt Lake City, Utah, for plaintiff..

Joseph Chez, Atty. Gen., and John Rice, Deputy Atty. Gen., for defendants.

Before LEWIS and BRATTON, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge (after stating the facts as above).

██ [We cannot agree that any opinion of the United States Supreme Court sustains the proposition that in fixing fair and reasonable rates the customer's ability to pay and the value of the service to him are paramount and controlling. If rates are so low as to be confiscatory of the utility's property, they are condemned by the Fourteenth Amendment. If they are so high as to yield a greater return on the value of the property used and useful in the service than other investments made with equal risk, they are unfair to the customer and should be reduced. He is entitled to have them reduced. A plant of excessive size or cost cannot be imposed on him with an obligation to furnish a return on the excess. In these respects as illustrations, there are others, the worth of the service is an important element for just consideration in fixing reasonable rates, reasonable to both utility and customer.] Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Northern Pac. Ry. Co. v. North Dakota, 236 U. S. 585, 35 S. Ct. 429, 59 L. Ed. 735, Ann. Cas. 1916A, 1; Norfolk & W. Ry. Co. v. Conley, 236 U. S. 605, 35 S. Ct. 437, 59 L. Ed. 745; Brooks-Scanlon Co. v. Railroad Com. of Louisiana, 251 U. S. 396, 40 S. Ct. 183, 64 L. Ed. 323; Bluefield Water Works & I. Co. v. Public Service Com., 262 U. S. 679, 43 S. Ct. 675, 67 L. Ed. 1176; United Rys. & Elec. Co. v. West, 280 U. S. 234, 50 S. Ct. 123, 125,

74 L. Ed. 390; Okla. G. & E. Co. v. Corporation Com. (D. C.) 1 F.Supp. 966. In Georgia P. & L. Co. v. Georgia Public Service Com., 8 F. Supp. 603, decided March 14, 1934, a three-judge court in response to the contention that the old rates were higher than the service was worth said, after finding that the new rates would be confiscatory:

"If the Complainant's service is costing more than its worth, we see no remedy but for consumers to find a substitute. It cannot Constitutionally be compelled by the state without just compensation."

So here. The new rates accentuate confiscation. See, also, Chicago Rys. Co. v. Illinois Commerce Com. (D. C.) 277 F. 970, 976, and Indiana General Service Co. v. Mc-Cardle (D. C.) 1 F.Supp. 113, both three-judge cases. In St. Louis & O'Fallon Ry. Co. v. United States, 279 U. S. 461, 487, 49 S. Ct. 384, 388, 73 L. Ed. 798, the court cited with approval this statement of the minority of the commission: "The function of this commission is not to act as an arbiter in economics," but to apply the law.

■ The commission introduced in evidence at the hearing an income statement of plaintiff taken from its annual reports for the years 1922 to 1932, both inclusive. It stated in its report the rate of return thus shown for the last five years, which gave an average of 4.08 per cent. The average, however, for the eleven years was 3.95 per cent. During only two of those years did the rate of return amount to more than 5 per cent. and less than 6 per cent. In two of the eleven years the rate of return was in each more than 4 per cent. and less than 5 per cent. In five of the eleven years it was in each more than 3 per cent. but less than 4 per cent., and in two the yield was in each less than 3 per cent. but more than 2 per cent. It follows that for at least twelve years beginning with 1922 the old rates were never sufficient to yield a reasonable return on the property of plaintiff used and useful in its service. They have been confiscatory throughout and were so at the time the commission made its order reducing them 10 per cent. It cannot be said that plaintiff has not borne more than its part in sharing the effects of low prices and the economic depression. In United Rys. & Elec. Co. v. West, supra, it is said:

"The fundamental principle to be observed is that the property of a public utility, although devoted to the public service and impressed with a public interest, is still private property, and neither the corpus of that property nor the use thereof constitutional-

ly can be taken for a compulsory price which falls below the measure of just compensation. One is confiscation no less than the other."

The writ of injunction may issue staying the execution of the order until final hearing. The bond given by plaintiff, when the restraining order was issued, extends to final disposition of this case in protection of rights of plaintiff's customers.